1

Kolini Tukuafu
1238 Palmer St
Riverside, Ca. 92507
(951)544-6023
kolini.tee@gmail.com

No fax

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE
BY
2017 APR 10  AM 11: 36

# UNITED STATES DISTRIC COURT

## CENTRAL DISTRICT OF CALIFORNIA

ED CV17-00676 JAK (DTBx)

| | | |
|---|---|---|
| KOLINI TUKUAFU , | ) | **COMPLAINTS** |
| PLAINTIFF , | ) | **VIOLATION of :** |
| | ) | |
| V . | ) | **Fair Debt Collection Practice Act 15 U.S.C. § 1692** |
| RECEIVABLE PERFORMANCE MANAGEMENT , WASHINGTON CORORATION ; | ) | **Fair Credit Reporting Act 15 U.S.C. § 1681 et seq .** |
| HOWARD GEORGE , an Individual | ) | **California Rosenthal Debt Collection Practice Act; California Civil Code § 1788 et seq .** |
| | ) | |
| Does 1 through 10 | ) | |
| DEFENDANTS , | ) | |
| | ) | **DEMAND TRIAL BY JURY** |

## TO THE CLERK OF THE COURT AND TO THE DEFENDANT HEREIN:

## **INTRODUCTION**

**Come now the** <u>Kolini Tukuafu</u> (" hereinafter Plaintiff " ) :

---

1

Kolini Tukuafu v. Receivable Performance Management and Howard George

1    .    Alleges the following against <u>Receivable Performance Management</u> ("hereinafter RPM or Defendant"), : <u>Howard George</u> ("hereinafter GEORGE or Defendant"), for damages for violations of the Fair Debt Collection Practices Act (" hereinafter FDCPA"), 15 U.S.C. §1692 et seq.; This is an action for damages brought from violations of the Fair Credit Reporting Act ( hereinafter "FCRA"), 15 U.S.C. §1681 et seq. this is an action for damages brought from violations of the Rosenthal Debt Collection Practice Act (" hereinafter ROSENTHAL"), California Civil Code § 1788 et seq and the Telephone Consumer Protection Act Sec.227., 47 U.S.C.§ 227 (b) (1), 47 U.S.C. § 227 (a) (iii), (hereinafter " TCPA"), by and through RPM, and GEORGE, for declaratory and injunctive relief.

2    .    Plaintiff, brings this lawsuit to challenge the actions and inactions of Defendants, with regards to their attempts to unlawfully abusively collect a nonexistent allegedly owed debt by Plaintiff, and the conduct of each has caused Plaintiff, to suffer damages.

3    .    Plaintiff makes these allegation on information and belief, with the exception of those allegation that pertain to a Plaintiff, which Plaintiff alleges on personal knowledge.

4    .    While many violations are describable below with specificity, this Complaint alleges violation of the statutes cited in their entirety. Unless otherwise stated, the conduct engaged in by Defendants, took place in state of California, County of Riverside.

5    .    All actions of Defendants constituting violations as alleged were carried out knowingly, willfully, and with intent, and Defendants did not maintain procedures reasonably

1   adapted to avoid any such violations.

## **PRELIMINARY STATEMENT**

6 .  This is an action for damages; damages for violation of the FCRA; damages for violation of the TCPA; damages for violation of the FDCPA; and damages for violation of the ROSENTHAL.

## **JURISDICTION and VENUE**

7 .   Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k (d), 47 U.S.C. § 227 (b) 3, 15 U.S.C. § 1681p, subject matter jurisdiction properly founded upon 28 U.S.C. § 1331, supplemental jurisdiction exists for the state law claims  pursuant to 28 U.S.C. § 1376. this court  also has supplemental jurisdiction over Plaintiff's state law  claims un 28 U.S.C. because the amount in controversy exceeds $230,000.00.

8 .   Venue is proper pursuant to 28 U.S.C. § 1391.

9 .   Venue is proper in this District because it occurred in this district and Plaintiff resides  in this district.

10 .   Venue is proper, and at all time relevant because Defendants conducted business within this District, and Defendants collection communications of nonexistent debt occurred and were received by Plaintiff in this District.

11 .   Thus, establishing proper venue and jurisdiction of this honorable court.

# PARTIES

12 .    Plaintiff, is a natural person and a residing of the State of California of the County of Riverside "consumer" as the term is defined by 15 U. S. C. § 1692a (3) and "debtor" as defined in Cal. Civil Code § 1788 . 2 (h) .

13 .    The Defendants , in this lawsuit are as follows :

14 .    RPM , is a Washington Corporation, company form unknown, with office located at 20816 44TH Ave W Lynnwood, WA. 98036.

15 .    RPM, are Information provider as contemplated by FCRA, section 1681s – 2 (a) & (b), (n) & (o) to the three national credit reporting agencies Trans Union, Experian, and Equifax.

16 .    Upon information and belief GEORGE, is an individual, CO – CEO, of RPM, GEORGE, Individually, and with his capacities as CO - CEO of RPM, formulated, directed, and controlled the act and practices as CO - CEO of RPM, including the acts and practices alleged herein. At all time, relevant to this complaint, Defendant GEORGE, individually and acting through RPM, has business in this district .

17 .    "Employees can be held personally liable under the FDCPA." Robinson v. Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see Schwarn v. Craihead, 552 F. Supp. 2d 1056, 1070 – 71 (E.D. Cal. 2008).

18 .    Furthermore , "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal

liability under the FDCPA." Schwarn v. Craighead , 552 F. Supp.2d 1056, 1070 – 71 ( E.D. Cal 2008); see Kistner v. Law Offices of Michael P. Margelefsky, L. L. C. , 518  F. 3d 433, 437 - 38 (6th Cir. 2008 ); del Campo v. Kennedy, 491 F. Supp . 2d 891, 903 ( N.D. Cal. 2006); Brumbelow v. Law Offices of Benett & Deliney , P. C. , 372 F. Supp.2d 615, 618 – 21 (D. Utah 2005); Albanese v. Portnoff Law Assocs . , Ltd . , 301 F. Supp.2d 389 , 400 (E. D. Pa 2004 ); Musso v. Seiders, 194 F.R.D. 34,46 – 47 (D.Conn. 1999); Brink Case 3:10 cv – 08222 – JAT Document 1 Filed 11/15/10 Page – 2 of 6 Complaint – 3 v. First Credit Res., 57 F. Supp.2d 848, 861 – 62 (D. Ariz. 1999); Pikes v. Riddle, 38F, Supp. 2d 639, 640 (N.D.ILL. 1998); Ditty v. Check Rite, Lid., 973 F. Supp.1320, 1337 – 38 (D – Utah 1997); Newman v. Checkrite Cal., Inc., 912 F.Supp. 1354, 1374, 1372 (E.D. Cal. 1995); Teng v. Metro. Retail Recovery Inc., 851 F.Supp.61,67 (E.D. N.Y. 1994).

19 .   Upon information and belief Defendants RPM, and George are debt collectors as the phrase is defined by the FDCPA § 1692a (6), and Cal. Civil Code § 17888.2(c).

## STATEMENT OF FACTS

20 .   The alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and therefore a debt as that term is defined by Cal. Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f) .

21 .   The Definition of "Debt" as an obligation for money, goods, insurance, or services for primarily, personal, family, or household purposes to  15 U.S.C. § 1692a (5).

22 .   Plaintiff current position as to the validity of this alleged debt, is the debt is non-existent .

23 .   In and around November 2016 Plaintiff answer the calls from Defendant RPM, attempting to collect on an alleged debt .

24 .   During the telephone call, Defendant's agent refuses to give Plaintiff his name.

25 .   On that call in or around November of 2016, Defendant failed to give Plaintiff the Mini – Miranda.

26 .   On that call Plaintiff informed Defendant's agent not to call again, due to the fact there is no business relationship between Plaintiff and Defendants.

27 .   In connection with the collection of a debt, Plaintiff has notified Defendant in writing within the thirty (30) day period, upon receiving an initial communication from RPM, to Plaintiff's phone. Validation notice was received by RPM, on January 2017 violation notice as described in Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a). Once the debt or any portion, is disputed, in which Plaintiff mail, and Defendants continued to collect the alleged debt before **VALIDATION** was provided to the Plaintiff, in violation of Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b).

28 .   RPM, failed to validate the alleged debt, they violated Plaintiff's rights by use of false, deceptive, or misleading representation or means in order to collect, in violation of the FDCPA, 15 U.S.C. § 1692e.

29 . In 2016 RPM, began there calls to plaintiff using a robo - dialer or automatic telephone dialing system or artificial or prerecorded voice messages on Plaintiff's phone, in an attempt to collect on non – existent debt. Plaintiff has never had an established business relationship or applied for type of loan, mortgage, credit card, insurance or employment with RPM, in violation of 47 U.S.C. 227(b)(1)(A).

30 . In 2016 RPM, violated the TCPA, by calling Plaintiff phone 32 time with no prior permission by Plaintiff.

31 . In 2016 RPM, violated the TCPA, by leaving 32 automatic recorded messages on Plaintiff phone without express permission.

32 . The TCPA, 47 U.S.C. § 227 (b) prohibits calling cell phone using auto dialers and/or prerecorded messages; so – call Sengenberger v. Credit Control Services, Inc., 2010 WL 1791270 (N.D. ILL. May 5, 2010)(Zagel, J.).

33 . The TCPA, is a strict liability statute, and there are no "bona fide error" defense available, Hicks v. Client Services, Inc. 2009 WL 2365637 (S. D. Fla. Jun 9, 2009) (summary judgment entered in favor of plaintiff).

34 . Plaintiff had in her possession, consumer report, from one of three major Credit Reporting Agencies ("hereinafter CRA's,"), Experian dated November 16, 2016 . Plaintiff identified an entry in her November of 2016 credit report that were unknown to her .

35 . Upon inspection, information and belief, Plaintiff discovered that Defendant RPM,

obtained her consumer, report of Experian , on March 2016 , the first time in violation of FDCPA 15 U.S.C. § 16181b .

36   .   Upon inspection, information and belief, Plaintiff discovered that Defendant RPM, obtained her consumer credit report of Experian, on October 2016, second time in violation of FCRA, 15 U.S.C. § 16181b .

37   .   Discover of the violation of FCRA, brought forth herein occurred on or about November 16, 2016 and are within the statute of limitation as defined in the FDCPA, 15 U.S.C. § 1681p.

38   .   Upon inspection , information and belief , Plaintiff discovered  that Defendant RPM, has been reporting erroneous and inaccurate information in one of the three Credit Reporting Agencies , Experian , Plaintiff asserts she never had any type of business relationship with Defendant RPM .

39   .   On January 1, 2017 Plaintiff contacted one of the three Credit Reporting Agencies ; Experian , via there website with a "Dispute" to have them investigate the erroneous and inaccurate reporting by Defendant RPM .

40   .   One of three Credit Reporting Agencies email , Plaintiff a consumer disclosure to Plaintiff stating that they, have contacted Defendant RPM, of the dispute .

41   .   In and around January 2017 Plaintiff receive a litter from Defendant RPM, attempting to collect on an alleged debt .

42 . In connection with collection of a debt, Plaintiff has notified Defendant RPM, in writing a **validation** litter that was received by Defendant RPM, on January 31 2017 in violation as describable in Section 809 (a) of the FDCPA, 15 U.S.C. § 1692 g(a) .

43 . Once the debt or any portion thereof disputed, in which Plaintiff mailed, and Defendants continued to collect the alleged debt before **VALIDATION** was provided to the Plaintiff, in violation of Section 809 (b) of the FDCPA, 15 U.S.C. § 1692 g (b) .

44 . Upon inspection, information and belief, Defendant RPM, failed to reasonably investigate once they were notified from the CRA 's and once Plaintiff mailed Defendant RPM, **VALIDATION** litter. **The Defendants failed to provide to the Plaintiff proof of the alleged account,** or information that is of substantive relevance to its investigation, yet the Defendants, continues to publish inaccuracies to the CRA 's .

45 . The untimely deletion was out of Plaintiff credit report as indicated by Experian on or about March 2017. By Defendant RPM, deleting the inaccurate information from CRA 's was a tacit admission of their violation of FCRA, 15 U.S.C. § 1681 .

46 . The Defendants failure to indicate that any of the Plaintiff credit reports are in dispute after being notified by the credit reporting agencies, gives Plaintiff a private cause of action under FCRA, section 1681n and 1681o .

47 . Upon information and belief GEORGE, knew or should have known that the action of the people he employ were in violation of 15 U.S.C. § 1692 et seq ., Civil Code § 1788 et

seq., and 15 U.S.C. § 1681 et seq., and he is responsible and therefore, liable under the

doctrine respondeat superior.

48    .    As direct and, proximate results of Defendants' violation of the federal and state

laws. Plaintiff has suffered irreparable injury to her credit report, credit score, and reputation

in the public by their saying she does not pay her bills. Plaintiff has been denied credit, unable

to refinance, suffer higher interest rates.

49    .    On or about February of 2017 Plaintiff sent the Defendant a attempt to sue letter

to see if they come to the table to discuss my substantive issues. In the mail I sent an

attachment of notice of pending lawsuit, in which I informed them I would give them time

so we can talk about the issues RPM, never responded to the mail.

50    .    This action arises out of  Defendant RPM, repeated violation of the ("FDCPA") 15

U. S. C.  § 1692, et seq, the  ("FCRA")  15 U.S.C. §1681 et seq. the ("ROSENTHAL") Cal Civil Code,

§ 1788, et seq, and the ("TCPA") Sec. 227., 47 U.S.C. 227 (a) (iii) invasion of Plaintiff personal

privacy by the Defendant RPM, and its agents in their illegal efforts to collect a consumer debt
.

51    .    Upon information and belief Defendants RPM, and GEORGE, are debt collectors as

the phrase is defined by the FDCPA, § 1692 a (6), and Cal. Civil Code § 1788 . 2 (c).

52    .    Plaintiff has tried  every possible way to resolve this issue amicably with Defendants

RPM, and GEORGE, but they refused to handle this matter before Plaintiff, filed this complaint
.

## Count I

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692
By RPM, AND GEORGE .

53 . Plaintiff incorporates all other paragraphs as though full set forth herein .

54 . The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a (3) .

55 . Defendants are debt collectors as defined in 15 U.S.C. § 1692a (6) .

56 . Defendants violation of 15 U.S.C. § 1692g Failure to send the consumer a 30-day validation notice within five days of the initial communication . Plaintiff Demands the statutory amount of $ 1000.00 .

57 . Defendants violation of 15 U.S.C. § 1692g (a)(3) Must state Right to Dispute within 30 days. Plaintiff Demands the statutory amount of $ 1000.00 .

58 . Defendants violation of 15 U.S.C. § 1692e , by false, deceptive, or misleading representation or means in connection with the debt collection . Plaintiff Demands the statutory amount of $ 1000.00 .

59 . Defendants violation of 15 U.S.C. § 1692e (2)(A), in the character, amount, or legal status of the alleged debt . Plaintiff Demands the statutory amount of $ 1000.00 .

60 . Defendants violation of 15 U.S.C. § 1692e (10), by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer . Plaintiff Demands the statutory amount of

$ 1000.00 .

61  .    Defendants violation of 15 U.S.C. § 1692f (1), unfair practices, attempt to collect any amount not authorized by the agreement creating the debt or permitted by law . Plaintiff Demands the statutory amount of $ 1000.00 .

62  .    Due to the repeated to continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C. § 1692(k) .

**WHEREFORE ,** Plaintiff demands judgment for damages against each and every Defendants individually, RPM, and GEORGE, for actual or statutory damages in the amount of $ 6000.00, (X) 2 attorney's fees and cost, pursuant to 15 U.S.C. § 1692 (k) .

## Count II
## VIOLATION OF THE ROSENTHAL CAI. CIVIL CODE § 1788 et seq .
### By RPM, AND GEORGE

63  .    Plaintiff incorporates all other paragraphs as though full set forth herein .

64  .    Pursuant to § 1788. 2(C), the Defendants, are debt collectors, a person who in the ordinary course of business, regularly on behalf of himself, herself or other's engages in debt collection .

65  .    Defendants are subject to the Rosenthal Fair Debt Collection Act ( Cal. Civil Code at § 1788 - § 1788.33 et seq ).

66  .    Defendants are liable for out-of-pocket If Plaintiff paid due to the violation(s). If Plaintiff shows Defendants intentionally violated the law Defendants must also pay up to

1   $1000.00 for each violation, pursuant to § 1788.30 (a-g.) .

2   67 . Defendants violation of 15 U.S.C. § 1692g, as incorporated by ROSENTHAL, § 1788.

3

4   17, Failure to send the consumer a 30-day validation notice within five days of the initial

5   communication. Plaintiff Demands the statutory amount of $1000.00 .

6

7   68 . Defendants violation of 15 U.S.C. § 1692g (a)(3), as incorporated by ROSEN THAL, §

8   1788. 17, must state the Right to Dispute within 30 days. Plaintiff Demands the statutory

9   amount of $1000.00 .

10

11   69 . Defendants violation of 15 U.S.C. § 1692e, as incorporated by ROSENTHAL, § 1788.

12   17, by false, deceptive, or misleading representation or means in connection with the debt

13

14   collection . Plaintiff Demands the statutory amount of $1000.00 .

15   70 . Defendants violated 15 U.S.C. § 1692e (2)(A), as incorporated by ROSENTHAL, §

16

17   1788. 17, by false, deceptive, or misleading representation of the amount of the alleged debt .

18   Plaintiff Demands the statutory amount of $1000.00 .

19   71 . Defendants violated 15 U.S.C. § 1692e (10), as incorporated By ROSENTHAL, §

20

21   1788. 17, by the use of any false and representation or deceptive means to collect or attempt

22   to collect a nonexistent alleged debt or obtain information concerning a consumer . Plaintiff

23   Demands the statutory amount of $1000.00 .

24

25   72 . Defendants violated 15 U.S.C. § 1692f (1), as incorporated by ROSENTHAL, § 1788.

26   17, Unfair Practices, attempt to collect any amount not authorized by the agreement creating

27

the debt or permitted by law . Plaintiff Demands the statutory amount of $1000.00 .

73  .     Defendants violated 15 U.S.C. § 1692f (1), as incorporated by ROSENTHAL, § 1788. 17, Unfair Practices, attempt to collect the amount not authorized by the agreement creating the debt or permitted by law . Plaintiff Demands the statutory amount of $1000.00 .

74  .     Defendants violated ROSENTHAL, § 1788. 13 (1), any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency . Plaintiff Demands the statutory amount of $1000.00 .

75  .     Defendants violated § 1788. 17, of the ROSENTHAL, by continuously failing to comply with the  statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq .

**WHEREFORE** Plaintiff demands judgment against each and every  Defendants individually, RPM, and GEORGE, for actual or statutory damage in the amount of $7000.00, (X) 2 attorney's fees and costs,  pursuant to Cal. Civil Code  § 1788. 30 (a), Cal. Civil Code  § 1788. 30 (c) and any other relief that this Honorable Court deems appropriate .

## Count  III
## VIOLATION  OF  THE  FAIR  CREDIT  REPORTING  ACT (FCRA), 15 U.S.C. §1681  WILLFUL  NON-COMPLIANCE  BY  DEFENDANT  RPM

76  .     Plaintiff incorporates all other paragraphs as though full set forth herein .

77  .     Plaintiff is a consumer within the meaning of FCRA, 15 U.S.C. § 1681a (c) .

78  .     RPM, is a credit reporting agency within the meaning of 15 U.S.C. § 1681a (f) .

79 . Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a (d) .

80 . FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer report .

81 . Such permissible as defined by 15 U.S.C. § 1681b are generally, if the consumer makes and application for employment, for underwriting of insurance involving the consumer, or is offered a bona – fide offer of credit as a result of the inquiry .

82 . Plaintiff has never had any business dealings or any account with, made application for credit from, made application of employment with, applied for insurance from, or received a bona – fide offer of credit from RPM, to acquire her consumer report from any credit reporting agency .

83 . As no time did Plaintiff give her consent from RPM, to acquire her consumer credit report from any credit reporting agency .

84 . The action of RPM, obtaining the consumer credit report on March 2016, from the Plaintiff with no permissible purpose of Plaintiff's consent which was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy, and thereby damaged Plaintiff's by causing Plaintiff's credit score, credit report to decline, resulting in credit denial, higher interest rates and public humiliation .

**WHEREFORE,** Plaintiff demands judgment for damages against RPM, for statutory damages

of $2000.00, punitive damages to be determined by this Honorable Court, attorney's fees, pursuant to 15 U.S.C. § 1681n .

## Count IV
## VIOLATION OF THE FCRA 15 U.S.C. § 1681 et seq./§ 623
## WILLFUL NON – COMPLIANCE NEGLIGENT NON - COMPLINCE
### By Defendant RPM.

85    .    Plaintiff incorporated all other paragraphs as though full set forth herein .

86    .    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a (c) .

87    .    RPM, is a furnisher of information within the meaning of the FCRA, § 1681s-2 .

88    .    Plaintiff has disputed the erroneous and inaccurate information with one of the three major credit bureaus Experian .

89    .    RPM, received notification from credit reporting agencies that Plaintiff disputed the information they furnished, and failed to reasonably investigate .

90    .    RPM, failed to reasonably investigate and failed to indicate Plaintiff's account **as disputed** .

**WHEREFORE** Plaintiff Demands judgement against RPM, for actual or statutory in the amount of $4000.00, $1000.00 one of the credit report agencies (x) 1 each month on the credit report X (2), and punitive damages, and attorney fees pursuant to 15 U.S.C. § 1681 (n), and 15 U.S.C. § 1681 (o) .

## Count V

## VIOLATION OF THE FCRA 15 U.S.C. § 1681 et seq./623

### By Defendant RPM.

91    .    Plaintiff incorporated all the paragraphs as though set forth herein .

92    .    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a (c) .

93    .    RPM, is a furnisher of information within the meaning of FCRA, 15 U.S.C. § 1681s-2.

94    .    RPM, knew it possessed erroneous and inaccurate information, and consciously avoided such knowledge for over one year RPM, continued the erroneous and inaccurate information in Plaintiff Credit Reports .

95    .    Plaintiff contends that RPM, has violated the FCRA, by reported and willfully issuing false, inaccurate and erroneous information in her credit report month after month, resulting in damaged to credit report, credit score, damaged reputation with public humiliation, credit delay, credit denial, loss, of use of funds .

**WHEREFORE,** Plaintiff Demands judgment against RPM, for actual or statutory in the amount of $12,000.00, $1000.00, X (2), for each month of one year of credit reporting, and punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1681 (n), and 15 U.S.C. § 1681 (o).

## COUNT VI

## VIOLATION OF THE TCPA, 47 U.S.C. 227

### BY Defendants RPM, and GEORGE.

96 .   Plaintiff incorporates all other paragraphs as though full set forth herein .

97 .   The Defendant has demonstrated willful or knowing non – compliance with 47 U.S.C. § 227 (b) (1) (A) by using an automatic telephone dialing system to call the Plaintiff number which is assigned to a telephone service .

98 .   The Defendant continued to call Plaintiff 32 time after receiving written notice t cease and desist any communication by phone, and Plaintiff never expressly consented to receive calls from Defendants, in Defendant attempt to collect a nonexistent alleged debt .

99 .   The Defendants has committed 32 separate violation of 42 U.S.C. § 227 (b)(1)(A) and Plaintiff is entitled to damages of $ 1,500.00 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

100 .   The Defendant in attempt to collect on a nonexistent alleged debt, has committed 32 separate violation of 42 U.S.C. § 227 (b) (3) (B), which required the system to automatically release the called party's line within 5 seconds of the time of the notification is transmitted, and Plaintiff is entitled to damages of $ 1,500.00 per violation pursuant to 47 U.S.C. § 227 (b) (3) (B) .

101 .   The Plaintiff and Defendants do not have or ever had and established business relationship within the meaning of 47 U.S.C. § 227 . And Defendant never received expressed consent to call Plaintiff . The Defendant proved it was a nonexistent alleged debt by deleting themselves from Plaintiff credit report, Plaintiff had no reason to receive calls from Defendant.

**WHEREFORE,** Plaintiff demands judgment for damages, for actual or statutory damages in

1 | the amount of $96,000.00 (X) 2 and punitive damages, and attorney's fees pursuant to 47

2 | U.S.C. § 227 (b) (3).

3 | ///

4 | ///

5 | ///

6 | ///

7 | ///

8 | ///

9 | ///

10 | ///

11 | ///

12 | ///

13 | ///

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

1

# DEMAND FOR JURY TRIAL

2

3

4   Plaintiff hereby demands a trial by jury of all issues so triable as matter of law.

5

6

7

8   Date : 4/10/17

9                                                          Kolini Tukuafu Plaintiff.
10                                                         1238 Palmer St
                                                           Riverside, Ca. 92507
11                                                         (951)544-6023

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Kolini Tukuafu v. Recievable Performance Management and Howard George